IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHERYL KUHN, | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | |
| NATIONWIDE PROPERTY AND | § | CIVIL ACTION NO. 4:17-cv-02456 |
| CASUALTY INSURANCE COMPANY, | § | |
| TIMOTHY DWAYNE BOYER, and | § | |
| NANCY BETH MARTIN, | § | |
| *Defendants.* | § | |

## NOTICE OF REMOVAL

Defendants Nationwide Property and Casualty Insurance Company ("Nationwide") and Timothy Dwayne Boyer, through undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, file this Notice of Removal of the lawsuit captioned *Cheryl Kuhn v. Nationwide Property and Casualty Insurance Company, Timothy Dwayne Boyer, and Nancy Beth Martin*; Cause No. 2017-45168, in the 11th Judicial District of Harris County, Texas.

## I.
## BACKGROUND

1.     Plaintiff Cheryl Kuhn initiated the present action by filing her Original Petition in Cause No. 2017-45168, in the 11th Judicial District of Harris County, Texas, on July 8, 2017 (the "State Court Action").[1]

2.     Nationwide appeared and answered on August 4, 2017, asserting a general denial to the claims and allegations made in Plaintiff's Original Petition.[2] Boyer appeared and answered on August 7, 2017, asserting a general denial of the claims and allegations made in Plaintiff's

---

[1]     *See* **Exhibit A,** Plaintiff's Original Petition with citation.

[2]     *See* **Exhibit B**, Defendant Nationwide Property and Casualty Insurance Company's Original Answer.

Original Petition.[3] Defendant Nancy Beth Martin appeared and answered on August 10, 2017, asserting a general denial to the claims and allegations made in Plaintiff's Original Petition and asserting the affirmative defense of statute of limitations.[4]

3.      Pursuant to 28 USC § 1446(a) all a copy of all process, pleadings, and orders served upon Defendants in the State Court Action are incorporated in **Exhibit A**. Pursuant to Local Rule 81, a full copy of the state court file has been requested and will be filed upon receipt.

4.      Pursuant to 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, Defendants will give written notice of the removal to Plaintiff through her attorney of record, and to the clerk of the 11th Judicial District of Harris County, Texas.

5.      Pursuant to 28 USC §§ 1446(b)(1) and 1446(c)(1), this Notice of Removal has been timely filed within thirty (30) days of service on Defendants of Plaintiff's Original Petition and less than one year after the commencement of this action.

## II.
## JURISDICTION

**A.    Diversity of Parties**

6.      This Court has original jurisdiction pursuant to 28 U.S.C. § 1332 and the matter is removable to this Court pursuant to 28 U.S.C. § 1441(a) because there is complete diversity of citizenship between the properly joined parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.[5]

---

[3]   *See* **Exhibit C**, Defendant Timothy Dwayne Boyer's Original Answer.

[4]   *See* **Exhibit D**, Defendant Nancy Beth Martin's Original Answer.

[5]   *See* **Exhibit A**, Plaintiff's Original Petition with citation at ¶ 95 ("Plaintiff seeks only monetary relief of no less than $100,000.00, but no more than $200,000.00").

7.      Plaintiff is domiciled in Harris County, Texas.[6] Pursuant to 28 U.S.C. § 1332(a), therefore, Plaintiff is a citizen of the State of Texas.

8.      Nationwide Property and Casualty Insurance Company is organized under the laws of Ohio and maintains its principal place of business in Ohio. Pursuant to 28 U.S.C. § 1332(c)(1), therefore, Nationwide is a citizen of the State of Ohio.

9.      Timothy Dwayne Boyer is domiciled in Dublin, Ohio. Pursuant to 28 U.S.C. § 1332(a), therefore, Boyer is a citizen of the State of Ohio.

10.     Nancy Beth Martin is domiciled in the State of Texas. However, Martin's citizenship should be disregarded because she has been improperly joined to this action.[7]

11.     Accordingly, there is complete diversity between the properly joined parties pursuant to 28 U.S.C. § 1332(a).

### i.    *Improper Joinder*

12.     A defendant is improperly joined if the moving party establishes that (1) the plaintiff has stated a claim against a diverse defendant that he fraudulently alleges is non-diverse, or (2) the plaintiff has not stated a claim against a defendant that he properly alleges is non-diverse.[8] Because Martin is non-diverse, only the latter option is relevant.

13.     A non-diverse defendant is improperly joined if "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against" the non-diverse defendant.[9] Courts may "conduct a Rule 12(b)(6)-type analysis, looking initially at the

---

[6]    *Id.* at ¶ 2.

[7]    Though Martin's joinder in this removal is not necessary since she is not a properly joined party, Martin nevertheless consents to removal of this action. *See Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 2003).

[8]    *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 208 (5th Cir. 2016).

[9]    *Id.* at 200 (citing *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.2d 568, 573 (5th Cir. 2004)).

allegations of the complaint to determine whether the complaint states a claim" against the non-diverse defendant.[10] Under such analysis, the critical question is whether the allegations of Plaintiff's Original Petition "contain sufficient factual matter, accepted as true, to state a claim to relief under Texas law."[11] In undertaking this decision, courts are to apply the federal pleading standards to the asserted state court claim.[12] A plaintiff's obligation to provide the "grounds" for "entitle[ment] to relief" requires more than labels and conclusions and a formulaic recitation of the elements of a cause of action will not do.[13] Put simply, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."[14]

14.     If the assertion of improper joinder is based on the existence of an affirmative defense and the defendant establishes the existence of an affirmative defense to plaintiff's state law claims, "it necessarily follows that joinder was fraudulent, and the district court properly exercise[s] its removal jurisdiction."[15]

15.     In this case, Plaintiff has asserted causes of action against Martin for violations of the Texas Deceptive Trade Practices Act and the Texas Insurance Code for failing to disclose and/or misrepresenting policy terms.[16] Plaintiff's contention is that Martin did not explain that Nationwide might deny a claim.[17] Plaintiff has no plausible right to recover on these claims,

---

[10]   *Id.*

[11]   *Trang v. Bean*, 600 F. App'x 191, 193 (5th Cir. 2015) (internal citations omitted).

[12]   *Int'l Energy Ventures*, 818 F.3d at 200-08.

[13]   *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[14]   *Id.* at 570.

[15]   *Sid Richardson Carbon & Gasoline Co. v. Interenergy Res., Ltd.*, 99 F.3d 746, 753 (5th Cir. 1996); *see also Parkway Imaging Ctr., Inc. v. Home Life Fin. Assurance Corp.*, 198 F.3d 240, 1999 WL 824441, at *6 (5th Cir. Sept. 27, 1999); *Soin v. JPMorgan Chase Bank*, Civ. No. H-12-2766, 2012 WL 6018746, at *2 (S.D. Tex. Nov. 29, 2012).

[16]   *See* **Exhibit A**, Plaintiff's Original Petition with citation at ¶¶ 78-81.

[17]   *Id.* at ¶¶ 12-13.

however, because Texas courts do not impose a duty on insurers to explain policy terms.[18] Instead, the insured has a duty to read the policy and, "failing to do so, is charged with knowledge of the policy terms and conditions."[19] Finally, absent some affirmative misrepresentation of the terms of coverage by an insurer or agent, an insured's mistaken belief concerning the extent of coverage is not grounds for a misrepresentation claim under the common law or DTPA.[20] Plaintiff has not alleged that the policy did not include coverage for wind and/or hail damage, only that Nationwide failed to honor the coverage and that Martin should have explained that Nationwide would not honor coverage under the policy.[21] Plaintiff has not alleged an actionable misrepresentation by Martin under the Texas Insurance Code or Texas Deceptive Trade Practices Act. Since Plaintiff has no plausible right to relief against Martin, she has been improperly joined and her citizenship should be disregarded for diversity jurisdiction.

16.     Moreover, Plaintiff's allegations against Martin are not plausible because Plaintiff's claims are barred by the affirmative defense of statute of limitations, which Martin has pled.[22] Plaintiff has alleged causes of action against Martin for violations of the Texas Deceptive

---

[18]    *Glenn v. L. Ray Calhoun & Co.*, 83 F. Supp. 3d 733, 750 (W.D. Tex. 2015) (citing *Ruiz v. Gov't Employees Ins. Co.*, 4 S.W.3d 838, 841 (Tex. App. – El Paso 1999) (holding that an agent selling automobile insurance near the Mexico border had no duty to disclose that coverage was not provided while in Mexico)); *see also Garrison Contractors, Inc. v. Liberty Mut. Ins. Co.*, 927 S.W.2d 296, 300 (Tex. App. – El Paso 1996), aff'd 966 S.W.2d 842 (Tex. 1998) (holding that affirmative misrepresentations regarding the meaning of policy terms was actionable, but allegations of failures to disclose information readily obtainable from reading the policy found unsanctionable under the Texas Insurance Code).

[19]    *Ruiz*, 4 S.W.3d at 841; *see also Amarco Petroleum, Inc. v. Tex. Pac. Indem. Co.*, 889 S.W.2d 695, 699 (Tex. App. – Houston [14th Dist.] 1994, writ denied); *Heritage Manor of Blaylock Props., Inc. v. Peterson*, 677 S.W.2d 689, 691 (Tex. App. – Dallas 1984, writ ref'd n.r.e.).

[20]    *L. Ray Calhoun*, 83 F. Supp. 3d at 750 (citing *Burton v. State Farm Mut. Auto. Ins. Co.*, 869 F. Supp. 480, 486 (S.D. Tex. 1994)) (common law claim); *see also State Farm Cty. Mut. Ins. Co. v. Moran*, 809 S.W.2d 613, 620-21 (Tex. App. – Corpus Christi 1991, writ denied) (DTPA claim).

[21]    *See* **Exhibit A**, Plaintiff's Original Petition with citation at ¶¶ 12-13.

[22]    *See* **Exhibit D**, Defendant Nancy Beth Martin's Original Answer at ¶ 2.

Trade Practices Act and the Texas Insurance Code.[23] These causes of action have two-year statutes of limitations.[24] All of Plaintiff's claims, moreover, arise out of the procurement of the policy for Plaintiff by Martin.[25] A cause of action based on procurement accrues when the policy is issued.[26] An insured has a duty to read the policy and is charged with knowledge of the policy's terms and conditions.[27] Thus, when the insured receives the written policy, he has sufficient facts in his possession to seek a legal remedy based on an alleged misrepresentation.[28]

17.     The discovery rule does not apply in such cases because the nature of the injury is not inherently undiscoverable.[29] An injury is inherently undiscoverable if it is by nature unlikely to be discovered within the prescribed limitations period despite the claimant's due diligence.[30] Here, the injury was not inherently undiscoverable because Plaintiff could have easily discovered its injury by reading the policy.[31]

18.     Plaintiff procured her policy from Martin in 2003. Therefore, Plaintiff's causes of action against Martin accrued in 2003, which was more than two years prior to Plaintiff filing the

---

[23]   *See* **Exhibit A**, Plaintiff's Original Petition with citation at ¶¶ 78-81.

[24]   *See* Tex. Civ. Prac. & Rem. Code § 16.003; Tex. Ins. Code § 541.162; and Tex. Bus. & Comm. Code § 17.565.

[25]   *See* **Exhibit A**, Plaintiff's Original Petition with citation at ¶¶ 12-13 ("If Plaintiff had known or been given reason to expect from Martin that Nationwide might not honor its coverage, Plaintiff would not have purchased the policy she obtained from Martin with coverage by Nationwide. Martin's representations and advertising materials were the producing cause for Plaintiff to purchase coverage with Nationwide rather than other carriers").

[26]   *Rangel v. Progressive County Mut. Ins. Co.*, 333 S.W.3d 265, 269 (Tex. App. – El Paso 2010); *see also Mauskar v. Hardgrove*, Civ. No. 14-02-00756-CV, 2003 WL 21403464, at *3 (Tex. App. – Houston [14th Dist.] June 19, 2003); *Steadfast Ins. Co. v. SMX 98, Inc.*, No. H-06-2736, 2009 WL 890398, at *16 (S.D. Tex. March 30, 2009); *L. Ray Calhoun*, 83 F. Supp. 3d at 748.

[27]   *Ruiz*, 4 S.W.3d at 841; *Amarco Petroleum,* 889 S.W.2d at 699.

[28]   *Steadfast Ins. Co.*, 2009 WL 890398, at *16; *Mauskar*, 2003 WL 21403464, at *3.

[29]   *HECI Exploration Co. v. Neel*, 982 S.W.2d 881, 886 (Tex. 1998).

[30]   *S.V. v. R.V.*, 933 S.W.2d 1, 7 (Tex. 1996).

[31]   *Mauskar*, 2003 WL 21403464, at *4; *see also Sabine Towing & Transp. Co., Inc. v. Holliday Ins. Agency, Inc.*, 54 S.W.3d 57, 62-63 (Tex. App. – Texarkana 2001) (holding that the insured's failure to discover its lack of coverage did not save it from being barred by limitations).

instant suit. Since Plaintiff's claims against Martin are barred by the two-year statute of limitations, Plaintiff has no plausible right to relief against Martin. Therefore, Martin has been improperly joined to this case, and her citizenship should be disregarded.

**B.     Amount in Controversy**

19.     Plaintiff's Original Petition states that Plaintiff seeks "monetary relief of $100,000.00, but no more than $200,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest and attorney fees."[32] The threshold for diversity jurisdiction, $75,000, is therefore met by the allegations of Plaintiff's Original Petition. Moreover, in her pre-suit demand letter, Plaintiff contended that the total amount in controversy equaled $149,992.05.[33]

20.     In her petition, Plaintiff further seeks compensation for (1) actual damages, (2) exemplary and/or treble damages, (3) 18% penalty interest, (4) attorney's fees, (5) pre- and post-judgment interest, and (6) costs of court.[34] Plaintiff has alleged that Defendants' conduct was wrongful and done knowingly, entitling her to a trebling of actual damages under Texas Insurance Code Chapter 541 and the Texas Deceptive Trade Practices Act.[35] Penalties, exemplary damages, and attorneys' fees are included as part of the amount in controversy.[36]

---

[32]   *See* **Exhibit A**, Plaintiff's Original Petition with citation at ¶ 95.

[33]   *See* **Exhibit E**, Plaintiff's pre-suit demand letter dated February 14, 2017; *see also Molina v. Wal-Mart Stores Tex., L.P.*, 535 F. Supp. 2d 805, 807-08 (W.D. Tex. 2008) (Martinez, J.) (considering pre-suit demand to establish amount in controversy); *H&D Tire & Automotive-Hardware, Inc. v. Pitney Bowes Inc.*, 227 F.3d 326, 330 (5th Cir. 2000) (holding that attorneys' fees are included as part of the amount in controversy); *accord St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 2998) (concluding that "in addition to policy limits and potential attorney's fees, items to be considered in ascertaining the amount in controversy when the insurer could be liable for those sums under state law are *inter alia* penalties, statutory damages, and punitive damages").

[34]   *See* **Exhibit A,** Plaintiff's Original Petition with citation at ¶¶ 84-95.

[35]   *See id.*at ¶¶ 84-95; Tex. Ins. Code § 541.152 and Tex. Bus. & Comm. Code §17.50(b)(1).

[36]   *See H&D Tire & Automotive-Hardware, Inc.*, 227 F.3d at 330; *see also St. Paul Reinsurance Co.,* 134 F.3d at 1253.

21.     The amount in controversy plainly exceeds $75,000.00, exclusive of interest and costs.[37] Accordingly, the amount in controversy requirement of 28 U.S.C. § 1332(b) is satisfied.

**IV.**
**CONCLUSION**

22.     Plaintiff cannot establish a plausible basis on which to recover on her claim against Martin based on the allegations in the petition and because her claims against Martin are barred by the statute of limitations. Accordingly, Defendants Nationwide and Boyer ask that the Court find that Martin was improperly joined and dismiss Plaintiff's claims against Martin. This Court has original jurisdiction pursuant to 28 U.S.C. §1332, and this matter is therefore removable to this Court pursuant to 28 U.S.C. § 1441(a) because there is complete diversity of citizenship between the properly joined parties, the amount in controversy exceeds $75,000.00 exclusive of interest and costs, and all requirements for removal under 28 U.S.C. § 1446 have been met.

23.     WHEREFORE, Defendants Nationwide Property and Casualty Insurance Company and Timothy Dwayne Boyer hereby provide notice that this action is duly removed.

*(Signature on following page.)*

---

[37]     *See* **Exhibit A**, Plaintiff's Original Petition with citation**.**

Respectfully submitted,

*/s/ Patrick M. Kemp*
Patrick M. Kemp
Texas Bar No. 24043751
Southern District No. 38513
pkemp@smsm.com
Segal McCambridge Singer and Mahoney
100 Congress Avenue, Suite 800
Austin, Texas 78701
(512) 476-7834
(512) 476-7832 – Facsimile

**ATTORNEY-IN-CHARGE FOR
DEFENDANTS NATIONWIDE PROPERTY
AND CASUALTY INSURANCE COMPANY,
TIMOTHY DWAYNE BOYER, and NANCY
BETH MARTIN**

OF COUNSEL:

Robert G. Wall
Texas Bar No. 24072411
Southern District No. 1117137
rwall@smsm.com
Lauren L. Burgess
Texas Bar No. 24082751
Southern District No. 2110127
lburgess@smsm.com
Segal McCambridge Singer and Mahoney
100 Congress Avenue, Suite 800
Austin, Texas 78701
(512) 476-7834
(512) 476-7832 – Facsimile

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that a true and correct copy of the foregoing instrument has been served via certified mail return receipt requested this the 10th day of August, 2017, to:

Chad T. Wilson                                                    *9414 7266 9904 2061 9262 56*
Allen B. Landon
Chad T. Wilson Law Firm PLLC
455 E. Medical Center Dr, Suite 555
Webster, Texas 77598
cwilson@cwilsonlaw.com


_/s/ Patrick M. Kemp_____
Patrick M. Kemp