

**null / ALL**
**Transmittal Number: 16883562**
**Date Processed: 07/14/2017**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Service Process Team 3-11-309<br>Nationwide Mutual Insurance Company<br>Three Nationwide Plaza<br>Columbus, OH 43215 |
| **Electronic copy provided to:** | Joshua Schonauer<br>Kevin Jones<br>Cassandra Struble |

| | |
|---|---|
| **Entity:** | Nationwide Property And Casualty Insurance Company<br>Entity ID Number  3286574 |
| **Entity Served:** | Nationwide Property and Casualty Insurance Company (Ohio Insurance Company) |
| **Title of Action:** | Cheryl Kuhn vs. Nationwide Property and Casualty Insurance Company |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Harris County District Court, Texas |
| **Case/Reference No:** | 2017-45168 |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 07/14/2017 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| Sender Information: | Chad T. Wilson<br>832-415-1432 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com



CAUSE NO.  201745168

RECEIPT NO.                                    75.00      CTM
********                         TR # 73392506

| | |
|---|---|
| PLAINTIFF: KUHN, CHERYL<br>vs.<br>DEFENDANT: NATIONWIDE PROPERTY AND CASUALTY INSURANCE COMPANY | In The   11th<br>Judicial District Court<br>of Harris County, Texas<br>11TH DISTRICT COURT<br>Houston, TX |

CITATION (CERTIFIED)

THE STATE OF TEXAS
County of Harris

TO: NATIONWIDE PROPERTY AND CASUALTY INSURANCE COMPANY (OHIO INSURANCE
    COMPANY) MAY BE SERVED BY SERVING THROUGH REGISTERED AGENT
    CORPORATION SERVICE COMPANY

    211  EAST 7TH STREET SUITE 620   AUSTIN  TX  78701 - 3218

    Attached is a copy of PLAINTIFF'S ORIGINAL PETITION JURY DEMAND AND REQUEST FOR DISCLOSURE


This instrument was filed on the 10th day of July, 2017, in the above cited cause number
and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
    This citation was issued on 11th day of July, 2017, under my hand and
seal of said Court.


Issued at request of:
WILSON, CHAD T
455  EAST MEDICAL CENTER BLVD SUITE
555
WEBSTER, TX  77598
Tel: (832) 415-1432
Bar No.: 24079587



CHRIS DANIEL, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002
(P.O. Box 4651, Houston, Texas 77210)

Generated By: HILL, MARCELLA DIANA  DBG//10725367


CLERK'S RETURN BY MAILING

Came to hand the _____ day of _____, _____, and executed by
mailing to Defendant certified mail, return receipt requested, restricted delivery, a true
copy of this citation together with an attached copy of
 PLAINTIFF'S ORIGINAL PETITION JURY DEMAND AND REQUEST FOR DISCLOSURE
to the following addressee at address:


_____            _____
                                             ADDRESS

_____            Service was executed in accordance with Rule 106
(a) ADDRESSEE                                  (2) TRCP, upon the Defendant as evidenced by the
                                               return receipt incorporated herein and attached
_____            hereto at

                                             _____
                                             on _____ day of _____, _____
                                             by U.S. Postal delivery to _____
                                             _____
                                             _____

                                             This citation was not executed for the following
                                             reason: _____
                                             _____
                                             _____

                                             CHRIS DANIEL, District Clerk
                                             Harris County, TEXAS

                                             By _____, Deputy

N.INT.CITM.P                                  *73392506*

CAUSE NO.  201745168

RECEIPT NO.                  75.00     CTM
        **********         TR # 73392506

| | |
|---|---|
| PLAINTIFF: KUHN, CHERYL <br>         vs. <br> DEFENDANT: NATIONWIDE PROPERTY AND CASUALTY INSURANCE COMPANY | In The    11th <br> Judicial District Court <br> of Harris County, Texas <br> 11TH DISTRICT COURT <br> Houston, TX |

CITATION (CERTIFIED)

THE STATE OF TEXAS
County of Harris

TO: NATIONWIDE PROPERTY AND CASUALTY INSURANCE COMPANY (OHIO INSURANCE
     COMPANY) MAY BE SERVED BY SERVING THROUGH REGISTERED AGENT
     CORPORATION SERVICE COMPANY

     211  EAST 7TH STREET SUITE 620   AUSTIN  TX  78701 - 3218

     Attached is a copy of <u>PLAINTIFF'S ORIGINAL PETITION JURY DEMAND AND REQUEST FOR DISCLOSURE</u>

This instrument was filed on the <u>10th day of July, 2017</u>, in the above cited cause number
and court. The instrument attached describes the claim against you.

     YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
     This citation was issued on 11th day of July, 2017, under my hand and
seal of said Court.

<u>Issued at request of</u>:
WILSON, CHAD T
455  EAST MEDICAL CENTER BLVD SUITE
555
WEBSTER, TX  77598
Tel: (832) 415-1432
<u>Bar No.</u>:  24079587



*Chris Daniel*

CHRIS DANIEL, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002
(P.O. Box 4651, Houston, Texas 77210)

Generated By: HILL, MARCELLA DIANA  DBG//10725367

---

CLERK'S RETURN BY MAILING

Came to hand the _____ day of _____, _____, and executed by
mailing to Defendant certified mail, return receipt requested, restricted delivery, a true
copy   of   this   citation   together   with   an   attached   copy   of
  PLAINTIFF'S ORIGINAL PETITION JURY DEMAND AND REQUEST FOR DISCLOSURE
to the following addressee at address:

_____     ADDRESS

_____     Service was executed in accordance with Rule 106
(a) ADDRESSEE                (2) TRCP, upon the Defendant as evidenced by the
                           return receipt incorporated herein and attached
_____        hereto at

     on _____ day of _____, _____
     by U.S. Postal delivery to _____
     _____

     This citation was not executed for the following
     reason: _____
     _____

     CHRIS DANIEL, District Clerk
     Harris County, TEXAS

     By _____, Deputy

# 2017-45168 / Court: 011

7/8/2017 5:29 PM
Chris Daniel - District Clerk Harris County
Envelope No. 18073857
By: Bolanle Muraina
Filed: 7/10/2017 12:00 AM

CAUSE NO. _____

| | | |
|---|---|---|
| CHERYL KUHN, | § | IN THE JUDICIAL COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | |
| | § | HARRIS COUNTY, TEXAS |
| NATIONWIDE PROPERTY AND | § | |
| CASUALTY INSURANCE COMPANY, | § | |
| TIMOTHY DWAYNE BOYER, and | § | |
| NANCY BETH MARTIN, | § | |
| | § | |
| Defendants. | § | _____ DISTRICT COURT |

## PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND, AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Cheryl Kuhn, ("Plaintiff"), and files **Plaintiff's Original Petition, Jury Demand, and Request for Disclosure**, complaining of Nationwide Property and Casualty Insurance Company ("Nationwide") and Timothy Dwayne Boyer ("Boyer"), and Nancy Beth Martin ("Martin") (or collectively "Defendants") and for cause of action, Plaintiff respectfully shows the following:

### DISCOVERY CONTROL PLAN

1.    Plaintiff intends to conduct discovery under Level 3, Texas Rules of Civil Procedure 190.4 and 169.

### PARTIES

2.    Plaintiff, Cheryl Kuhn, resides in Harris County, Texas.

3.    Defendant, Nationwide Property and Casualty Insurance Company, is an Ohio insurance company engaged in the business of insurance in the State of Texas.  Plaintiff requests service of citation upon Nationwide Property and Casualty Insurance Company through its

registered agent for service: **Corporation Service Company 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.** Plaintiff requests service at this time.

4.    Defendant Timothy Dwayne Boyer is an individual resident of Dublin, Ohio.  Boyer may be served with citation at the address listed with the Texas Department of Insurance: **5525 Park Center Circle Co 05-01, Dublin, Ohio 43017.** Plaintiff requests service at this time.

5.    Defendant, Nancy Beth Martin, is an insurance agent, who engages in the business of selling property and casualty insurance in the State of Texas, and who operates under the course and working scope of employment with Nationwide Property and Casualty Insurance Company.  Plaintiff requests service of citation upon Nancy Beth Martin at the address listed with the Texas Department of Insurance: **16211 Clay Road, Suite 118, Houston, Texas 77084-5421.** Plaintiff requests service at this time.

### JURISDICTION

6.    The Court has jurisdiction over Nationwide because this Defendant engages in the business of insurance in the State of Texas, and the causes of action arise out of Nationwide's business activities in the state, including those in Harris County, Texas, with reference to this specific case.

7.    The Court has jurisdiction over Boyer because this Defendant engages in the business of adjusting insurance claims in the State of Texas, and the causes of action arise out of this Defendant's business activities in the State of Texas, including those in Harris County, Texas, with reference to this specific case.

8.    The Court has jurisdiction over Martin because Martin engages in the business of selling property and casualty insurance policies in the State of Texas, and the causes of action arise out of Martin's business activities in the state, including those in Harris County, Texas,

2

with reference to this specific case.

## VENUE

9.    Venue is proper in Harris County, Texas because the insured property is located in Harris County, Texas, and all or a substantial part of the events giving rise to this lawsuit occurred in Harris County, Texas.  TEX. CIV. PRAC. & REM. CODE § 15.032.

## FACTS

10.    Plaintiff asserts claims for fraud, breach of contract, violations of sections 541 and 542 of the Texas Insurance Code, and violations of the Texas DTPA.

11.    Plaintiff owns a Nationwide Property and Casualty Insurance Company homeowner's insurance policy, number 7842HO371870 ("the Policy").  At all relevant times, Plaintiff owned the insured premises located at 5211 Crystal Bay Drive Houston, Texas 77084 ("the Property").

12.    Nationwide, through its agent, Martin, sold the Policy, insuring the Property, to Plaintiff. Nationwide or its agent, Martin, represented to Plaintiff that the Policy included wind and hailstorm coverage for damage to Plaintiff's home.  Nationwide has refused the full extent of that coverage currently owed to Plaintiff.

13.    If Plaintiff had known or been given reason to expect from Martin that Nationwide might not honor its coverage, Plaintiff would not have purchased the policy she obtained from Martin with coverage by Nationwide. Martin's representations and advertising materials were the producing cause for Plaintiff to purchase coverage with Nationwide rather than other carriers. Ultimately the coverage Martin warranted was included within Plaintiff's Nationwide Policy was not properly or adequately honored.

14.    On or about April 18, 2016, the Property sustained extensive damage resulting from a

severe storm that passed through the Houston, Texas area. Plaintiff and her husband were woken up on or about 4:00 a.m. by the sounds of hail impacting against the exterior of the Property, and Plaintiff has photographs of the hail that fell on the Property.

15.   In the aftermath of the wind and hailstorm, Plaintiff submitted a claim to Nationwide against the Policy for damage to the Property. Nationwide assigned claim number 062214-GD to Plaintiff's claim.

16.   Plaintiff asked Nationwide to cover the cost of damage to the Property pursuant to the Policy.

17.   Damaged areas of the property include, but are not limited to the roof, vents, flashings, windows, window screens, fascia, gutters, downspouts, and HVAC system. The storm compromised the integrity of the roof allowing water to enter, causing water damage to the following areas of the interior: garage, living room, first bedroom, first bedroom closet, office, master bedroom, master closet, second floor hallway, hall closet, stairwell, office closet, second bedroom, closet, and stairs.

18.   Nationwide assigned or hired Boyer to adjust the claim.

   a.   Boyer had a vested interest in undervaluing the claims assigned to him by Nationwide in order to maintain his employment. The disparity in the number of damaged items in his report compared to that of Plaintiff's Third-Party Adjuster's is evidence of fraud on the part of Boyer. The valuation of damages that were included in Boyer's report compared to Plaintiff's Third-Party Adjuster's is also evidence of fraud on the part of Boyer.

   b.   Furthermore, Boyer was aware of Plaintiff's deductible before visiting the Property to conduct the inspection. Boyer had advanced knowledge of what amount of

damages he needed to find in order to either deny the claim or find the claim below the deductible.

c.  Boyer made misrepresentations as to the amount of damage Plaintiff's Property sustained as well as misrepresentations regarding how much it would cost to repair the damage to Plaintiff's Property. Boyer's misrepresentations amounted to such ludicrous claims as assertions that "roofers put gloves on and used spoons to purposefully dig out shingles." Plaintiff and her husband were surprised to hear such representations, as the majority of their neighbors' roofs in the vicinity were being replaced by their insurers in proximity to the time that Boyer performed his inspection.

d.  Boyer made further misrepresentations to Plaintiff during his inspection. Boyer used his expertise to fabricate plausible explanations for why visible damage to Plaintiff's Property would not be covered under the policy. Such misrepresentations can include but are not limited to damage to the Property owing from wear and tear, damage from a previous claim, and damage of a type not consistent with the type of claim that was made. Boyer blamed roofers that had only been on the roof for eight minutes for the numerous apparent hail impacts he witnessed on the roof of the Property.

19.  Nationwide, through its agents, namely Boyer, conducted a substandard and improper inspection and adjustment of the Property, which yielded grossly inaccurate and unrealistic assessments of the cause, extent, and dollar amount of damage to the Property. The adjustment of Plaintiff's claim and the unwillingness to honor coverage under Plaintiff's policy by Nationwide and Boyer directly relate back to the representations and affirmations

5

that Martin made in order to convince Plaintiff to purchase coverage with Nationwide.

20.   The initial adjustment of the claim occurred on or around May 17, 2016 and lasted approximately forty-five minutes. Boyer found $3,210.43 in damage from a covered peril to the roof of the property.

21.   After application of depreciation and the policy deductible, Plaintiff was left without adequate recovery to complete proper repairs on Plaintiff's home.

22.   To date, Plaintiff has received $0.00 for damage to Plaintiff's Property. The damage to Plaintiff's Property is currently estimated at $44,115.31.

23.   Since due demand was made on February 14, 2017, Nationwide has not communicated that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did it provide any explanation for failing to settle Plaintiff's claim properly.

24.   As stated above, Defendants failed to assess the claim thoroughly. Based upon Defendants' grossly unreasonable, intentional, and reckless failure to investigate and adjust the claim properly, Nationwide failed to provide full coverage due under the Policy.

25.   As a result of Nationwide's failure to provide full coverage, along with Nationwide's delay tactics to avoid reasonable payment to Plaintiff, Plaintiff has suffered damages.

26.   Nationwide failed to perform its contractual duties to Plaintiff under the terms of the Policy. Specifically, Nationwide refused to pay the full proceeds of the Policy, although due demand was made for an amount sufficient to cover repairs to the damaged Property, and all conditions precedent to recover upon the Policy were accomplished by Plaintiff.

27.   Defendants' misrepresentations, unreasonable delays, and continued denials constitute a breach of the statutory obligations under Chapters 541 and 542 of the Texas Insurance

6

Code. Thus, the breach of the statutory duties constitutes the foundation of a breach of the insurance contract between Nationwide and Plaintiff.

28. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1). Defendants have not attempted to settle Plaintiff's claim in a fair manner, even though Defendants were aware of their liability to Plaintiff under the Policy. Specifically, Defendants have failed to timely pay Plaintiff's coverage due under the Policy.

29. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A). Defendants failed to provide Plaintiff a reasonable explanation for not making the full payment under the terms of the Policy.

30. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(4). Defendants refused to provide full coverage due to Plaintiff under the terms of the Policy. Specifically, Nationwide, through its agents, servants, and representatives, namely Boyer, performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property.

31. Defendants' conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055. Defendants failed to reasonably accept or deny Plaintiff's full claim within the statutorily mandated time after receiving all necessary information.

32. Defendants' conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056. Defendants failed to meet their obligations under the Texas Insurance Code regarding timely payment of the claim. Specifically, Defendants

7

have delayed payment of Plaintiff's claim longer than allowed, and Plaintiff has not received full payment for the claim.

33.     Defendants' wrongful acts and omissions forced Plaintiff to retain the professional services of the attorneys and law firm representing them with respect to these causes of action.

## CAUSES OF ACTION AGAINST DEFENDANT NATIONWIDE PROPERTY AND CASUALTY INSURANCE COMPANY

### BREACH OF CONTRACT

34.     All allegations above are incorporated herein.

35.     Nationwide is liable to Plaintiff for intentional violations of the Texas Insurance Code, and intentional breach of the common-law duty of good faith and fair dealing. It follows, then, that the breach of the statutory duties constitutes the foundation of an intentional breach of the insurance contract between Nationwide and Plaintiff.

36.     Nationwide's failure and/or refusal to pay adequate coverage as obligated under the terms of the Policy, and under the laws of the State of Texas, constitutes a breach of the insurance contract with Plaintiff.

### NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

37.     All allegations above are incorporated herein.

38.     Nationwide's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are actionable by TEX. INS. CODE §541.151.

39.     Nationwide's unfair settlement practice of misrepresenting to Plaintiff material facts relating to coverage constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

40.   Nationwide's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claim, even though liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(2)(A).

41.   Nationwide's unfair settlement practice of failing to provide Plaintiff a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for partial denial of the claim, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(3).

42.   Nationwide's unfair settlement practice of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(4).

43.   Nationwide's unfair settlement practice of refusing to pay Plaintiff's claim without conducting a reasonable investigation constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(7).

### NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

44.   All allegations above are incorporated herein.

45.   Nationwide's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims.  All violations made under this article are actionable by TEX. INS. CODE §542.060.

46.   Nationwide's failure to notify Plaintiff in writing of its acceptance or rejection of the full claim within the applicable time constraints constitutes a non-prompt payment in violation of TEX. INS. CODE §542.056.

47. Nationwide's delay in paying Plaintiff's claim following receipt of all items, statements, and forms reasonably requested and required, for longer than the amount of time provided, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

48. All allegations above are incorporated herein.

49. Nationwide's conduct constitutes a breach of the common-law duty of good faith and fair dealing owed to an insured in insurance contracts.

50. Nationwide's failure to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, Nationwide knew or should have known by the exercise of reasonable diligence that liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## DTPA VIOLATIONS

51. All allegations above are incorporated herein.

52. Nationwide's conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63. Plaintiff is a consumer of goods and services provided by Nationwide pursuant to the DTPA. Plaintiff has met all conditions precedent to bringing this cause of action against Nationwide. Specifically, Nationwide's violations of the DTPA include, without limitation, the following matters:

    A.     By its acts, omissions, failures, and conduct, Nationwide has violated sections 17.46(b)(2), (5), (7), (9), (12), (20) and (24) of the DTPA. Nationwide's violations include without limitation, (1) unreasonable delays in the investigation, adjustment, and resolution of Plaintiff's claim, (2) failure to give Plaintiff the benefit of the doubt, and (3) failure to pay for the proper repair of Plaintiff's property when

liability has become reasonably clear, which gives Plaintiff the right to recover under section 17.46(b)(2).

B.   Nationwide represented to Plaintiff that the Policy and Nationwide's adjusting and investigative services had characteristics or benefits that they did not possess, which gives Plaintiff the right to recover under section 17.46(b)(5) of the DTPA.

C.   Nationwide also represented to Plaintiff that the Policy and Nationwide's adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA.

D.   Furthermore, Nationwide advertised the Policy and adjusting services with the intent not to sell them as advertised, in violation of section 17.46(b)(9) of the DTPA.

E.   Nationwide breached an express warranty that the damages caused by wind and hail would be covered under the Policy.  This breach entitles Plaintiff to recover under sections 17.46(b)(12) and (20) and 17.50(a)(2) of the DTPA.

F.   Nationwide's actions are unconscionable in that Nationwide took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Nationwide's unconscionable conduct gives Plaintiff a right to relief under section 17.50(a)(3) of the DTPA; and

G.   Nationwide's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

53.   Each of the above-described acts, omissions, and failures of Nationwide is a producing cause of Plaintiff's damages.  All of the above-described acts, omissions, and failures were

11

committed "knowingly" and "intentionally," as defined by the Texas Deceptive Trade Practices Act.

### FRAUD

54.     All allegations above are incorporated herein.

55.     Nationwide is liable to Plaintiff for common-law fraud.

56.     Each and every misrepresentation described above concerned material facts that absent such representations, Plaintiff would not have acted as Plaintiff did, and Nationwide knew its representations were false or made recklessly without any knowledge of their truth as a positive assertion.

57.     Nationwide made the statements intending that Plaintiff act upon them. Plaintiff then acted in reliance upon the statements, thereby causing Plaintiff to suffer injury constituting common-law fraud.

### CAUSES OF ACTION AGAINST DEFENDANT TIMOTHY DWAYNE BOYER

#### NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

58.     All allegations above are incorporated herein.

59.     Boyer's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Claim Settlement Practices Act. TEX. INS. CODE §541.060(a).

60.     Boyer is individually liable for his unfair and deceptive acts, irrespective of the fact that he was acting on behalf of Nationwide, because Boyer is a "person," as defined by TEX. INS. CODE §541.002(2).

61.     Boyer knowingly underestimated the amount of damage to the Property.  As such, Boyer failed to adopt and implement reasonable standards for the investigation of the claim arising under the Policy.  TEX. INS. CODE §542.003(3).

62.     Furthermore, Boyer did not attempt in good faith to affect a fair, prompt, and equitable settlement of the claim.  TEX. INS. CODE §542.003(4).

63.     Boyer's unfair settlement practice of failing to provide Plaintiff a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for partial denial of the claim, also constitutes an unfair method of competition and an unfair and deceptive act or practice.  TEX. INS. CODE §541.060(a)(3).

64.     Boyer's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claim, even though liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(2)(A).

## DTPA VIOLATIONS

65.     All allegations above are incorporated herein.

66.     Boyer's conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63.  Plaintiff is a consumer of goods and services provided by Boyer pursuant to the DTPA.  Plaintiff has met all conditions precedent to bringing this cause of action against Boyer.  Specifically, Boyer's violations of the DTPA include the following matters:

A.      By this Defendant's acts, omissions, failures, and conduct, Boyer has violated sections 17.46(b)(2), (5), and (7) of the DTPA.  Boyer's violations include, (1) failure to give Plaintiff the benefit of the doubt, and (2) failure to write up an

13

estimate reflecting the proper repair of Plaintiff's Property when liability has become reasonably clear, which gives Plaintiff the right to recover under section 17.46(b)(2).

B.   Boyer represented to Plaintiff that the Policy and his adjusting and investigative services had characteristics or benefits they did not possess, which gives Plaintiff the right to recover under section 17.46(b)(5) of the DTPA.

C.   Boyer represented to Plaintiff that the Policy and his adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA.

D.   Boyer's actions are unconscionable in that Boyer took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree.  Boyer's unconscionable conduct gives Plaintiff a right to relief under section 17.50(a)(3) of the DTPA; and

E.   Boyer's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

67.   Each of Boyer's above-described acts, omissions, and failures is a producing cause of Plaintiff's damages. All acts, omissions, and failures were committed "knowingly" and "intentionally" by Boyer, as defined by the Texas Deceptive Trade Practices Act. TEX. BUS. & COM. CODE 17.45.

## FRAUD

68.   All allegations above are incorporated herein.

69.   Nationwide assigned or hired Boyer to adjust the claim.

14

a. Boyer had a vested interest in undervaluing the claims assigned to him by Nationwide in order to maintain his employment. The disparity in the number of damaged items in his report compared to that of Plaintiff's Third-Party Adjuster's is evidence of fraud on the part of Boyer. The valuation of damages that were included in Boyer's report compared to Plaintiff's Third-Party Adjuster's is also evidence of fraud on the part of Boyer.

b. Furthermore, Boyer was aware of Plaintiff's deductible before even visiting the Property to conduct the inspection. Boyer had advanced knowledge of what amount of damages he needed to find in order to either deny the claim or find the claim below the deductible.

c. Boyer made misrepresentations as to the amount of damage Plaintiff's Property sustained as well as misrepresentations regarding how much it would cost to repair the damage to Plaintiff's Property. Boyer's misrepresentations amounted to such ludicrous claims as assertions that "roofers put gloves on and used spoons to purposefully dig out shingles." Plaintiff and her husband were surprised to hear such representations, as the majority of their neighbors' roofs in the vicinity were being replaced by their insurers in proximity to the time that Boyer performed his inspection.

d. Boyer made further misrepresentations to Plaintiff during his inspection. Boyer used his expertise to fabricate plausible explanations for why visible damage to Plaintiff's Property would not be covered under the policy. Such misrepresentations can include but are not limited to damage to the Property owing from wear and tear, damage from a previous claim, and damage of a type not

15

consistent with the type of claim that was made. Boyer blamed roofers that had only been on the roof for eight minutes for the numerous apparent hail impacts he witnessed on the roof of the Property.

## GROSS NEGLIGENCE

70. All allegations above are incorporated herein.

71. Boyer's actions or omissions constitute gross negligence as defined in TEX. CIV. P. & REM. CODE § 41.001 (11)(A) and (B):

    a.  Boyer's actions, when viewed objectively from the standpoint of the actor at the time of their occurrence involves an extreme degree of risk, considering the probability and magnitude of potential harm to Plaintiff; and

    b.  Boyer had actual, subjective awareness of the risk involved but nevertheless proceeded with conscious indifference to the rights, safety, and/or welfare of Plaintiffs.

72. Boyer intentionally misrepresented the scope and amount of damages on the estimate prepared for Plaintiffs' Property on behalf of Nationwide. His estimate was to such an extreme degree below what another licensed adjuster would have done in this situation (as evidenced by the Third-Party Adjuster's estimate); it was also in complete disregard for the risk and harm Plaintiff would suffer if the actual damages to the Property were allowed to persist unrepaired.

## NEGLIGENCE

73. All allegations above are incorporated herein.

74. Boyer was negligent in his actions with regard to his adjusting of Plaintiff's claim and violated the standard of care for an insurance adjuster licensed in the state of Texas. Those failures include one or more of the following acts or omissions:

    a. Failure to conduct a reasonable inspection;

    b. Failure to include covered damage that would be discovered as a result of reasonable inspection;

    c. Failure to identify the proper cause and scope of the damage to Plaintiff's Property;

    d. Failure to identify the cost of proper repairs to Plaintiff's Property; and

    e. Failure to communicate to Plaintiff the reasons for specific determinations made regarding the inclusion or exclusion of damage to Plaintiff's Property.

75. Boyer's acts and/or omissions constitute negligence. His conduct was therefore a proximate cause of the damages sustained by Plaintiff.

76. At all relevant times, Boyer was an agent or employee of Defendant Nationwide.

77. Boyer's unreasonable inspection was performed within the course and scope of his duties with Defendant Nationwide. Therefore, Nationwide is also liable for the negligence of Boyer through the doctrine of respondeat superior.

## CAUSES OF ACTION AGAINST NANCY BETH MARTIN

### DTPA VIOLATIONS

78. Martin's conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.46. Specifically, Martin's violations of the DTPA include, without limitation, the following matters:

    A. By Martin's acts, omissions, failures, and conduct, Martin violated sections 17.46(b)(2) and 17.46(b)(5) of the DTPA. Martin's violations include causing

confusion as to the Policy benefits, and representing that the Policy had benefits or characteristics that it did not possess, and the carrier, Nationwide, had benefits and characteristics that it did not possess.

B.   Martin breached an express warranty during the sale of the Policy that the damages caused by wind and hail would be covered under the Policy, when they were not. This breach entitles Plaintiff to recover under sections 17.46(b)(12), 17.46(b)(20), and 17.50(a)(2) of the DTPA.

C.   The conduct, acts, omissions, and failures of Martin are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

D.   The conduct, acts, omissions, and failures of Martin are unconscionable in that she took advantage of Plaintiffs' lack of knowledge, ability, and experience to a grossly unfair degree. This unconscionable conduct gives Plaintiff a right to relief under section 17.50(a)(3) of the DTPA.

79.   Each of the above-described acts, omissions, and failures is a producing cause of Plaintiff's damages. All of the above-described acts, omissions, and failures were committed "knowingly" and "intentionally" by Martin, as defined by the Texas Deceptive Trade Practices Act. TEX. BUS. & COM. CODE 17.45.

## NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: MISREPRESENTATION REGARDING POLICY OR INSURER

80.   Martin's conduct constitutes multiple violations of the Texas Insurance Code, Misrepresentations Regarding Policy or Insurer. TEX. INS. CODE §541.051(1)(a) and TEX. INS. CODE §541.051(1)(b).

81.  Specifically, Martin misrepresented that the Policy afforded benefits in the form of payment for hail and wind damages, when Nationwide did not. Martin knew or had reason to know in her experience selling and servicing Nationwide policies that Plaintiff's claim would not be honored by Nationwide.

## KNOWLEDGE

82.  Defendants made each of the acts described above, together and singularly, "knowingly," as defined in the Texas Insurance Code, and each was a producing cause of Plaintiff's damages described herein.

## WAIVER AND ESTOPPEL

83.  Defendants waived and are estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiff.

## DAMAGES

84.  Since the claim was made, Nationwide has not properly compensated Plaintiff for all necessary repairs made, which are covered under the Policy. This has caused undue hardship and burden to Plaintiff. These damages are a direct result of Defendants' mishandling of Plaintiff's claim in violation of the laws set forth above.

85.  Defendants made the above and other false representations to Plaintiff, either knowingly or recklessly, as a positive assertion, without knowledge of the truth. Defendants made these false misrepresentations with the intent that Plaintiff act in accordance with the misrepresentations. Plaintiff then relied on these misrepresentations, including but not limited to those regarding coverage and the cause and scope of damage. Plaintiff suffered damages as a result.

19

86.   Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of damages sustained.  The acts, omissions, failures, and conduct of Defendants have caused Plaintiff's damages, which include, without limitation, costs for all necessary repairs required to be made to Plaintiff's Property, and any investigative and engineering fees incurred.

87.   For breach of contract, Plaintiff is entitled to regain the benefit of Plaintiff's bargain, which is the amount of Plaintiff's claim, consequential damages, together with attorney's fees.

88.   The damage to Plaintiff's Property is currently estimated at $44,115.31.

89.   For noncompliance with the DTPA and Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits owed pursuant to the Policy, court costs, and attorney's fees.  For knowing and intentional conduct of the acts described above, Plaintiff asks for three (3) times Plaintiff's actual damages.  TEX. INS. CODE §541.152 and TEX. BUS. & COM. CODE 17.50(B)(1).

90.   For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of Plaintiff's claim, plus an eighteen percent (18%) per annum penalty on that claim, as damages, as well as pre-judgment interest and reasonable attorney's fees.  TEX. INS. CODE §542.060.

91.   For breach of the common-law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from Defendants' breach of duty, such as additional costs, economic hardship, losses due to nonpayment of money Nationwide owed, and exemplary damages.

92.   Defendants' breach of the common-law duty of good faith and fair dealing was committed intentionally, with a conscious indifference to Plaintiff's rights and welfare, and with

"malice," as that term is defined in Chapter 41 of the Texas Civil Practices and Remedies Code. These violations are the type of conduct which the State of Texas protects its citizens against by the imposition of exemplary damages. Therefore, Plaintiff seeks the recovery of exemplary damages in an amount determined by the finder of fact sufficient to punish Defendants for their wrongful conduct and to set an example to deter Defendants and others from committing similar acts in the future.

93.   For fraud, Plaintiff is entitled to recover actual and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

94.   For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorneys subscribed to this pleading. Therefore, under Chapter 38 of the Texas Civil Practices and Remedies Code, sections 541 and 542 of the Texas Insurance Code, and section 17.50 of the DTPA, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

95.   As required by Rule 47(b) of the Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c)(3) of the Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiff seeks only monetary relief of no less than $100,000.00, but no more than $200,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees. A jury will ultimately determine the monetary relief actually awarded, however. Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate.

21

## REQUESTS FOR DISCLOSURE

96.     Under Texas Rules of Civil Procedure 190 and 194, Plaintiff requests that Defendants

disclose, within fifty (50) days from the date this request is served, the information or material

described in Rules 190.2(b)(6) and 194.2.

## JURY DEMAND

97.     Plaintiff hereby requests a jury trial for all causes of action alleged herein, tried before a

jury consisting of citizens residing in Harris County, Texas.  Plaintiff hereby tenders the

appropriate jury fee.

## PRAYER

Plaintiff prays that Defendants, Nationwide Property and Casualty Insurance Company,

Timothy Dwayne Boyer, and Nancy Beth Martin, be cited and served to appear, and that upon trial

hereof, Plaintiff,  Cheryl Kuhn, has and recovers from Defendants, Nationwide Property and

Casualty Insurance Company, Timothy Dwayne Boyer, and Nancy Beth Martin, such sums as

would reasonably and justly compensate Plaintiff in accordance with the rules of law and

procedure, as to actual, consequential, and treble damages under the Texas Insurance Code and

Texas Deceptive Trade Practices Act, and all punitive, additional, and exemplary damages, as may

be found.  In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal

of this case, for all costs of Court expended on Plaintiff's behalf, for pre-judgment and post-

judgment interest as allowed by law; and for any other and further relief, at law or in equity, to

which Plaintiff, Cheryl Kuhn, may show Plaintiff is justly entitled.

Respectfully submitted,

CHAD T WILSON LAW FIRM PLLC

By: /s/ *Chad T. Wilson*

22

Chad T. Wilson
Bar No. 24079587
Allen B. Landon
Bar No. 24091870
455 East Medical Center Blvd., Suite 555
Webster, Texas 77598
Telephone: (832) 415-1432
Facsimile: (281) 940-2137
eservice@cwilsonlaw.com
cwilson@cwilsonlaw.com
alandon@cwilsonlaw.com

ATTORNEYS FOR PLAINTIFF

23





**CHRIS DANIEL**
HARRIS COUNTY DISTRICT CLERK
P.O. Box 4651
HOUSTON, TEXAS 77210-4651

7016 0600 0001 0813 8746

**Nationwide Property & Casualty Ins.**
211 East 7th Street, Suite 620
Austin, Tx 78701-3218